IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BELL MICROPRODUCTS, INC., ) D/B/A PRO SYS INFORMATION ) SYSTEMS, ) ) Defendant. ) | Civil Action No. _____ JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to provide appropriate relief to James P. Purcell ("Purcell" or "Charging Party"), who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") alleges that Defendant, Bell Microproducts, Inc. d/b/a ProSys Information Systems discriminated against James Purcell ("Purcell") because of his age, then 58, and in retaliation for his opposing age discrimination in the workplace.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Bell Microproducts, Inc., d/b/a ProSys Information Systems (the "Employer"), was a California corporation that has continuously been doing business in the State of Alabama and the City of Hoover, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the EEOC investigated and attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since on or about May 2006, the Defendant Employer engaged in unlawful employment practices at its Hoover, Alabama facility, in violation of Section 4(a)(1) and Section 4(d) of the ADEA, 29 U.S.C. §§ 623(a)(1) and 623(d).

8. Purcell successfully worked for Defendant as an account executive and was paid commissions for securing clients who would purchase Defendant's products and services.

9. Beginning in our about May 2006, Defendant began transferring Purcell's accounts to younger employees; the account transfers resulted in reduced commissions to Purcell.

10. The transfers commenced immediately after Purcell complained to Defendant's Manager about ageist comments publicly directed to him by his new supervisor. Purcell complained that the working environment had become hostile based upon age.

11. In the fall of 2006, Purcell again complained to Defendant's Manager about what he viewed as inappropriate age-related considerations in a hiring decision to which he was privy.

12. Following Purcell's fall 2006 complaint, Defendant transferred more of Purcell's accounts.

13. Purcell continued to complain to Defendant's Manager about age discrimination in the workplace, and management's failure to address it.

14. In April 2007, about a week or so after Purcell's last complaint to Defendant's Manager, Defendant transferred Purcell's remaining accounts to a substantially younger employee, and transferred Purcell to a newly created position in another department.

15. Following the transfer, the Defendant's formally terminated Purcell purportedly because of layoffs in his new Department.

## COUNT ONE

### (Retaliation)

16. The allegations of preceding paragraphs seven (7) through fifteen (15) are incorporated herein by reference.

17.     When James Purcell complained to Defendant about the hostile work environment and Defendant's failure to prevent or correct it, he reasonably believed that the comments and conduct violated Title VII.

18.     In response to Purcell's complaints, Defendant retaliated against Purcell.

19.     The retaliation took the form of (a) reassigning sales account from his account inventory between May 2006 and March 2007; (b) reassigning Purcell to duties in a non-sales position in March 2007; and (c) terminating Purcell's employment.

20.     The effect of the practices complained of above has been to deprive Purcell of equal employment opportunities and otherwise adversely affect his status as an employee, in retaliation for his complaints about age discrimination in the workplace.

21.     The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## COUNT TWO

### (Age - Job Transfer/Termination)

22.     The allegations of preceding paragraphs seven (7) through fifteen (15) are incorporated herein by reference.

23.     James Purcell was qualified for the position he was performing and was performing his initial and reassigned jobs in a satisfactory manner. The decision to transfer him resulted in his termination, and was not based upon performance reasons.

24.     Similarly situated substantially younger employees received dissimilar treatment and were not transferred or terminated. Sufficient evidence exists to infer a nexus or causal connection between age and the disparate treatment.

25.     The positions formerly held by James Purcell were later filled by substantially younger non-protected age group employees.

4

26. The effect of the practices complained of above has been to deprive Purcell of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

27. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in age-based discrimination and retaliation, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to James P. Purcell whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant Employer to make whole Purcell, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, reinstatement of Purcell, with appropriate assignments and payment structures or, in lieu thereof the payment of front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 30th day of September, 2009.

JAMES J. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.,
4th Floor, Room 4NE25N
Washington, D.C. 20507

*/s/ C. Emanuel Smith*
C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

*/s/ Julie Bean*
JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2064
Facsimile: (205) 212-2041